**Allen D. MOHR, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–721.**

United States Court of Veterans Appeals.

May 11, 1992.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of June 27, 1990, the Board of Veterans' Appeals (Board or BVA) denied entitlement to service connection for malaria and for a seizure disorder secondary to malaria. A timely appeal to this Court followed. On May 28, 1991, appellant filed a brief. On August 16, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for remand and to stay further proceedings. Appellant filed his opposition to this motion on August 27, 1991. On January 24, 1992, the Court denied the Secretary's motion for a remand and for a stay of proceedings and ordered the Secretary to file a brief on the merits. On February 7, 1992, the Court received the Secretary's brief. Appellant's reply brief was filed on February 19, 1992. Because the Board erred in concluding that appellant did not submit new and material evidence in support of his claim to service connection for malaria subsequent to a 1980 rating decision denial, the June 27, 1990, BVA decision is to be vacated and this matter remanded for further adjudication.

Appellant, Allen D. Mohr, was denied entitlement to service connection for malaria in a rating decision dated April 4, 1980. R. at 47. Subsequently, appellant has presented considerable persuasive evidence in support of his claim. For example, the record on appeal contains a corroborating letter by corpsman Robert Coxbill, dated March 5, 1988. R. at 99. In it, Mr. Coxbill verifies that he treated appellant, who became severely ill in 1968, while "in the field". He stated that "[appellant] became ill, with malaria[-]like symptoms lasting for approximately 5 days. Symptoms such as an elevated temp. (high 103–105) chills, sweats, confusion, disorientation. However, like others of the company, we were not able to medivac [sic] the men to the rear for further work up and was [sic] only able to treat them symptomatically...." *Id.*

The record also contains an opinion from Department of Veterans Affairs (VA) neuropsychologist, Nils Varney, Ph.D., who ex-

pressed the view that there was a "strong likelihood that [appellant] suffered from a case of severe malaria while serving in Vietnam" and that the record suggested "that his history of malaria is a probable cause of his symptom complex" (R. at 108). This opinion was supported by Janet K. Smith, Ph.D., of the Iowa City VA Medical Center, in a letter dated July 7, 1989. R. at 120. In addition, on September 28, 1989, appellant testified at a hearing with respect to the symptoms of malaria which he exhibited in Vietnam and the subsequent manifestation of his seizure disorder. R. at 136–59. In its decision of June 27, 1990, the Board stated: "It is the conclusion of the Board that the evidence submitted since the April 1980 decision ... is not new and material evidence which would constitute a new factual basis upon which [appellant's] claim could be reopened." *Allen D. Mohr*, BVA 90–21370, at 5 (June 27, 1990).

Under 38 U.S.C. § 7104(b) (formerly § 4004(b)), a final decision by the Board on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C. § 5108 (formerly § 3008) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

First, the BVA must determine whether the evidence is 'new and material'. 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 is a question of law which this Court reviews

de novo. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991).

 Moreover, pursuant to 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), a BVA decision must include "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record". As we said in *Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990), "A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review', nor in compliance with statutory requirements."

The Court concludes that the BVA failed to apply properly the two-step analysis prescribed in *Manio,* and holds that appellant submitted new and material evidence warranting a reopening and a review of his claim "in light of *all* the evidence, both new and old." *Colvin,* 1 Vet. App. at 174. In addition the Court finds that the BVA decision contained "neither an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of his claim nor a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert,* 1 Vet.App. at 59. A remand will allow the Secretary to review and correct these deficiencies. The Secretary is reminded that "[a] remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski,* 1 Vet. App. 394, 397 (1991).

Finally, the Court notes that the Board based its decision to deny appellant's claim to service connection for seizures secondary to malaria on its determination that malaria was not incurred in service. Because this determination is to be vacated and remanded, the Board's denial of service connection for a seizure disorder secondary to malaria must also be vacated and remanded in order for the Board to readjudicate this secondary claim based upon the results of its readjudication of appellant's primary malaria claim.

On consideration of the foregoing, the BVA decision, dated June 27, 1990, is VACATED and this matter REMANDED for further proceedings consistent with this opinion.